**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3727
_____

UNITED STATES OF AMERICA,

v.

MARC VINEY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-12-cr-00308-001)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted under Third Circuit LAR 34.1(a)
October 30, 2014


Before:  MCKEE, *Chief Judge*, GREENAWAY, JR. and KRAUSE, *Circuit Judges*


(Filed: November 6, 2014)


_____

OPINION*

_____



    * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Marc Viney was arrested and charged with the armed robbery of the Roo House Tavern ("the Tavern"), a bar located in Norristown, Pennsylvania. After a four-day jury trial, Viney was convicted of interference with interstate commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a), conspiracy to interfere with interstate commerce by committing a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Viney now raises three issues on appeal, which we address in turn.[1]

First, Viney argues that he should have been granted a judgment of acquittal due to insufficient evidence pursuant to Federal Rule of Criminal Procedure 29 and should have been granted a new trial pursuant to Federal Rule of Criminal Procedure 33. In reviewing a Rule 29 motion for a judgment of acquittal, "we view the evidence in the light most favorable to the prosecution and sustain the verdict unless it is clear that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] The standard is similarly exacting under Rule 33, where a district court should order a new trial "only if it believes that there is a serious danger that a

---

[1] We have jurisdiction to hear the appeal under 28 U.S.C. § 1291. Because we write for the parties, we recite only those facts necessary to our conclusion.

[2] *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010) (citations omitted); *see also United States v. Walker*, 657 F.3d 160, 171 (3d Cir. 2011).

miscarriage of justice has occurred—that is, that an innocent person has been convicted."[3]

The District Court's denial of each motion was proper. The record contains ample evidence of Viney's guilt, including the detailed testimony of the complaining witness, Roosevelt Haulcy II ("Haulcy"); Haulcy's immediate identification of "Marc" as the assailant on the day of the crime; Haulcy's testimony about the firearm used by Viney in commission of the crime; and, a document in Viney's pocket that listed a number of individuals' names, home addresses and automobile descriptions, that had Haulcy's information highlighted in yellow, and that listed, under the header of "Work Tools," assault rifles, handguns, a speed loader, handcuffs, a GPS system and bulletproof vests.[4]

Moreover, there was sufficient evidence regarding the robbery's effect on interstate commerce, including that Viney stole alcohol produced in France; that the Tavern served alcohol produced in France; that the Tavern served alcohol produced in other states; and, that the Tavern served customers from outside Pennsylvania.[5] Accordingly, finding ample evidence to support the jury's verdict, we reject Viney's Rule 29 and Rule 33 appeals.

---

[3] *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (citations and internal quotation marks omitted).

[4] J.A. 543-47, 679-80.

[5] *See, e.g.*, *United States v. Haywood*, 363 F.3d 200, 211 (3d Cir. 2004) (holding effect on interstate commerce satisfied through testimony that robbed bar in Virgin Islands served beer that was brewed in United States); *United States v. Clausen*, 328 F.3d 708, 711-12 (3d Cir. 2003) (holding effect satisfied when business purchased supplies from out of state and had some out-of-state customers).

Second, Viney argues that requiring only a *de minimis* effect on interstate commerce for Hobbs Act robberies is unconstitutional. As Viney acknowledges, however, our controlling precedent forecloses such an argument.[6]

Third, Viney argues that our model jury instructions for Hobbs Act robberies are unconstitutional, because they instruct a jury that only proof of a *de minimis* effect is necessary to establish the requisite effect on interstate commerce. We have previously considered and rejected this argument.[7] We do so again here.

In sum, we conclude that Viney's conviction was supported by ample evidence, and that our precedent on the effect a Hobbs Act robbery need have on interstate commerce is well settled. Accordingly, we affirm.

---

[6] *See, e.g.*, *Clausen*, 328 F.3d at 711 (holding that "proof of a *de minimis* effect on interstate commerce is all that is required" for purposes of Hobbs Act robbery effect on interstate commerce); *Walker*, 657 F.3d at 180; *United States v. Urban*, 404 F.3d 754, 780 (3d Cir. 2005). Contrary to Viney's suggestion, the Supreme Court's decision in *National Federation of Independent Businesses v. Sebelius*, 132 S. Ct. 2566 (2012), does not abrogate our holding in any way. *See, e.g.*, *United States v. Sullivan*, 753 F.3d 845, 854 (9th Cir. 2014) (rejecting *Sebelius*-based challenge to federal child-pornography statutes); *United States v. Roszkowski*, 700 F.3d 50, 57-59 (1st Cir. 2012) (rejecting *Sebelius*-based challenge to statute which prohibits "convicted felons from possessing a firearm in or affecting commerce") (internal quotations omitted).

[7] *See, e.g.*, *United States v. Powell*, 693 F.3d 398, 406-07 (3d Cir. 2012); *Urban*, 404 F.3d at 780.